JOHN P. LEDFORD v. LOUISVILLE AND NASHVILLE RAILROAD
COMPANY.

(Filed 19 December, 1924.)

**Carriers—Railroads—Ejecting Passenger—Improper Place—Damages—
Proximate Cause.**

> A railroad company, having the lawful right to put a passenger off the coach of its train for his failure to pay his fare, is nevertheless answerable in damages when it does so at a place and under circumstances that import serious menace to him, and injury is thereby proximately caused.

CIVIL ACTION, tried before *McElroy, J.,* and a jury, at March-April Term, 1924, of CHEROKEE.

Plaintiff sued on two causes of action:

1. That, being a passenger, he was, in August, 1922, wrongfully expelled from defendant's train.

2. That he was expelled from said train in a wrongful and negligent manner, thereby causing substantial physical injury.

On denial of liability, the cause was submitted and verdict rendered on issues as follows:

"1. Was the plaintiff, John P. Ledford, wrongfully ejected from defendant's passenger train, as alleged in the first cause of action in the plaintiff's complaint?   Answer: 'No.'

"2. If so, what damages is plaintiff entitled to recover?   Answer: 'None.'

"3. Was the plaintiff injured by the negligence and wrongful conduct of the defendant, as alleged in plaintiff's second cause of action? Answer: 'Yes.'

"4. If so, what damages, if any, is plaintiff entitled to recover? Answer: '$500.00.'"

Judgment on verdict for plaintiff, and defendant excepted and appealed.

*Dillard & Hill and Moody & Moody for plaintiff.*
*M. W. Bell for defendant.*

HOKE, C. J.   The evidence of plaintiff tended to show that in August, 1922, at Murphy, N. C., plaintiff, having failed to get a ticket because defendant's agent was not properly in his place, was wrongfully put off defendant's train because he refused to pay the fare due from passengers without a ticket.

On second cause of action there was evidence on part of plaintiff tending to show that at the time stated and in or near the town of Murphy, N. C., he was put off defendant's train by the conductor or other agents of defendant before the train had come to a full stop and at a point where there was a ditch of some depth in a bad and muddy condition, and as plaintiff endeavored to get out of this ditch and to avoid the moving train which threatened, he slipped, falling against a rock sticking out of the bank, causing plaintiff substantial physical injuries.

There was evidence for defendant in denial of plaintiff's testimony and tending to show that defendant company and its agents were free from all blame in the matter. On this conflict of evidence, the jury on the first cause of action have rendered their verdict for defendant, and plaintiff not appealing, no question as to the first cause of action is presented, nor as to the right of the company to eject defendant from its train.

On the second cause of action the jury have accepted the plaintiff's version of the matter and this being true, plaintiff's claim is clearly made out. As heretofore stated, the verdict on the first cause of action has established the right of defendant and its agents to eject plaintiff, but even where such right exists it must be exercised in reasonable regard for the would be passenger's safety, and if, in breach of this duty, defendant company, through its agents, has expelled the claimant at a time and place and under circumstances that import menace of substantial physical injury, and such injury results, an action properly lies. 5th R. C. L. pp. 134, 135. In this citation the author states the general principle as follows: "Even though a person has no right on

the vehicle or premises of the carrier and the latter clearly has the right to eject him therefrom, such right must be exercised in a reasonable and prudent manner and with due care for the safety of the offender, and for a failure so to act resulting in injury to the person ejected, the carrier will be liable."

We find no reversible error in the record and the judgment for plaintiff is affirmed.

No error.